UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DLJ MORTGAGE CAPITAL, INC.., | ) | CASE NO. 1:09 CV 1119 |
| | ) | |
| Appellant, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| SHELDON STEIN, | ) | |
| | ) | |
| Appellee. | ) | |

This matter is before the Court on the Appellee Chapter 7 Trustee's Motion to Dismiss Appellant DLJ Mortgage Capital Inc.'s Appeal. (ECF #4) For the reasons that follow, the Motion to Dismiss the Appeal is granted.

**PROCEDURAL HISTORY**

This matter is an appeal of the decision of the Order of the United States Bankruptcy Court for the Northern District of Ohio. On June 10, 2008, Juan and Stacey Rosario filed a joint petition for relief under Chapter 7 of Title 11 of the United States Code. Appellee Sheldon Stein was appointed as the Trustee to administer the Rosario's bankruptcy estate on behalf of their unsecured creditors. A dispute arose regarding whether Stacey Rosario's dower interest in 21920 Country Way, Strongsville Ohio 44149 has priority over the mortgage of Appellant DLJ Mortgage Capital, Inc. ("DLJ"). On March 9, 2009, the Bankruptcy Court, Judge Morgenstern-Clarren, entered an Order granting DLJ's Motion for Relief from Stay and denying DLJ's Motion for Abandonment. In the Order, Judge Morgenstern-Clarren determined that the dower interest has priority over DLJ's mortgage on the property.

On March 18, 2009, DLJ filed a Notice of Appeal of the Order and a request that the appeal be heard by this Court. The appeal was docketed with this Court on May 14, 2009, and

the Clerk of Court for the Northern District of Ohio issued a notice, consistent with Bankruptcy Rule 8009, requiring Appellant to file a brief within 15 days. (ECF #3).When Appellant failed to file its brief within the 15 day period, Appellee filed its Motion to Dismiss the Appeal.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 8009 provides that an appellant has 15 days to file a brief after the clerk of courts enters the appeal on the docket pursuant to Federal Rule of Bankruptcy Procedure 8007. Federal Rule of Bankruptcy Procedure 8001(a) grants the district court authority to dismiss appeals for non-prosecution. *Barclay v. United States Trustee*, 106 Fed. Appx. 293 (6th Cir. 2004). However, the late filing of a required document does not justify the dismissal of the appeal absent a showing of bad faith, negligence, or indifference. *Id.* at 294 citing *In re Winner Corp.*, 632 F.2d 658, 660-61 (6th Cir. 1980).

In this case DLJ filed its notice of appeal more than three months ago, the appeal was docketed with this Court on May 14, 2009 and the Clerk of Court sent Notice to the parties of the date (May 29, 2009) on which the appellant's brief was due. See Notice docketed on May 14, 2009. (ECF #3) Appellant did not seek leave from the Court for an extension of its 15 day period in which to file its main brief. When DLJ had not filed its brief by June 18, 2009, Appellee filed this Motion to Dismiss the appeal, arguing that DLJ's failure to file its brief when it had more than three months to prepare it demonstrates DLJ's negligence or indifference in prosecuting this appeal.

DLJ filed a one page Memorandum in Response on June 29, 2009, stating that it intended to prosecute this appeal and defended its delay on the excuse that it was waiting for the Court to set a briefing schedule. DLJ offered to file its Merit Brief no later than July 13, 2009.

The Court finds that DLJ was negligent and indifferent to the prosecution of this appeal.

DLJ does not dispute that it received the Notice sent by the Clerk and docketed in this record which clearly states that appellant's brief was due within 15 days, no later than May 29, 2009. Rather, counsel for DLJ determined to wait for the Court to set up a different schedule. While counsel may have been involved in cases where alternate schedules were set up, such extensions or deviations are usually driven by a motion from a party. If DLJ needed an extension of time it should have filed a motion for an extension or requested an alternate schedule from the Court. The Court is under no obligation to permit parties to tie up its docket with cases that the parties are content to let lie dormant. Here it was Appellant's duty to either file its merits brief on within the deadline clearly set by the Court and the Bankruptcy Rules or to file a motion to request an alternate schedule. Appellant's failure to do neither demonstrates its negligence and its indifference. Accordingly, Appellee's Motion to Dismiss the Appeal (ECF #4) is GRANTED and this appeal is hereby DISMISSED.

     IT IS SO ORDERED.

                                        */s/Donald C. Nugent*
                                        DONALD C. NUGENT
                                        United States District Judge

DATED:  July 27, 2009